UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY DEON MCCALL,

            Petitioner,

v.   Case No. 3:12-cv-286-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

            Respondents.

## ORDER

### I. Status

Petitioner Gregory Deon McCall initiated this action on March 7, 2012,[1] pursuant to the mailbox rule, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254 with exhibits (Pet. Ex.). In the Petition, McCall challenges a 2007 state court (Flagler County, Florida) judgment of conviction for fleeing or attempting to elude and driving while license canceled,

---

[1] McCall filed the Petition in this Court on March 9, 2012; however, giving McCall the benefit of the mailbox rule, this Court finds that the Petition was filed on the date McCall handed it to the prison authorities for mailing to this Court (March 7, 2012). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give McCall the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

suspended or revoked. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to Petition (Response; Doc. 12) with exhibits (Resp. Ex.). On March 20, 2012, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 6), admonishing McCall regarding his obligations and giving McCall a time frame in which to submit a reply. McCall submitted a brief in reply (Amended Reply; Doc. 19) and a Motion for Summary Judgment (Doc. 17). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Like the vast majority of federal habeas petitions, § 2244(d)(1)(A) establishes the limitations period for McCall's claim.

Respondents contend that McCall has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On June 13, 2007, the State of Florida charged McCall with fleeing or attempting to elude (count one) and driving while license canceled, suspended or revoked (count two). Resp. Ex. A, First Amended Information. McCall proceeded to trial in August 2007, see Resp. Ex. B, at the conclusion of which a jury found him guilty of fleeing or attempting to elude and driving while license canceled, suspended or revoked, as charged, see Resp. Ex. C. On October 3, 2007, the court sentenced McCall to a term of nine years imprisonment to be followed by five years of probation for count

3

one, and a term of five years imprisonment for count two, to run concurrently with count one. Resp. Exs. D; E.

On appeal, McCall, through counsel, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Resp. Ex. G, Initial Brief of Appellant. McCall filed a pro se brief, asserting that the evidence was insufficient to convict him under Florida Statutes section 316.1935(3)(a)(2007) (ground one), and the State committed fundamental error when it failed to verify his prior record for driving while license suspended with a fingerprint comparison (ground two). Resp. Ex. K. The State filed a notice that it did not intend to file a response. Resp. Ex. L. On July 15, 2008, the appellate court affirmed McCall's conviction and sentence per curiam without issuing a written opinion, see McCall v. State, 985 So.2d 1103 (Fla. 5th DCA 2008); Resp. Ex. M, and the mandate issued on August 1, 2008, see Resp. Ex. O. McCall did not seek review in the United States Supreme Court.

Thus, McCall's conviction became final on Monday, October 13, 2008 (90 days from July 15, 2008). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because McCall's conviction was after April 24, 1996, the effective date of the

AEDPA, McCall had one year from the date his conviction became final to file the federal petition (October 13, 2009). His Petition, filed on March 7, 2012, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

On August 25, 2008 (during the ninety-day period for filing a petition for certiorari), McCall filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. P. McCall subsequently filed a notice of voluntary dismissal, see Resp. Ex. Q, and the court dismissed the case on December 24, 2008, see Resp. Ex. R.[2]

The one-year period of limitations started running on December 25, 2008, and ran for **one hundred and thirty (130) days** until McCall filed a pro se petition for writ of habeas corpus on May 4,

---

[2] During the pendency of McCall's Rule 3.850 motion, he also filed petitions for writ of habeas corpus in state court. See Resp. Exs. S; T; U; V. The pendency of McCall's federal habeas petition (Case No. 3:09-cv-291-J-34TEM), see Response at 3, from March 3, 2009, through April 30, 2009, did not toll the running of the one-year limitations period. The one-year limitations period is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

5

2009. Resp. Ex. W. On May 13, 2009, the appellate court dismissed the petition. Resp. Ex. X.

McCall's one-year limitations period started running again on May 14, 2009, and ran for **twenty-five (25) days** until McCall filed his pro se motion for post conviction relief on June 8, 2009, see Resp. Ex. Y, with an amendment on June 26, 2009, see Resp. Ex. Z. The State responded, see Resp. Ex. AA, and McCall replied, see Resp. Ex. BB. On January 6, 2010, the post conviction court denied the motion, see Resp. Ex. CC, and later denied McCall's motion for rehearing on April 26, 2010, see Resp. Exs. DD; EE. McCall had thirty days, or until May 26, 2010,[3] to appeal the trial court's denial; he did not appeal.[4]

The one-year limitations period started running again on May 27, 2010, and ran for **twelve (12) days** until McCall filed his pro se petition for writ of habeas corpus on June 8, 2010.[5] Resp. Ex.

---

[3] See Resp. Exs. CC, Order Denying Motion for Post Conviction Relief, at 2 ("This order may be appealed within 30 days."); EE, Order Denying Motion for Rehearing ("This order may be appealed within 30 days.").

[4] During the pendency of McCall's Rule 3.850 motion, he filed a motion to correct illegal sentence, see Resp. Ex. FF, which the trial court denied on April 26, 2010, see Resp. Ex. GG.

[5] In the petition, McCall asserted that appellate counsel was ineffective because he failed to raise the following issue on direct appeal: the trial court's "Provisional Order Appointing Public Defender" was a "bias[ed] action that adversely affected the public defender's performance. Resp. Ex. HH at 3.

HH. The appellate court dismissed his petition on June 23, 2010. Resp. Ex. II.

According to the record, see Resp. Exs. JJ; LL, McCall filed several other post conviction motions in the trial court. On July 26, 2010, the trial court directed McCall to show cause why he should not be banned from future pro se filings, see Resp. Ex. JJ, and McCall responded, see Resp. Ex. KK. On August 12, 2010, the trial court banned McCall from further pro se filings in the trial court concerning his 2007 conviction and sentence and directed the Clerk of Court to refuse to accept pleadings from McCall unless the pleadings were endorsed and filed by a Florida Bar member. See Resp. Ex. LL. McCall had thirty days, or until September 11, 2010,[6] to appeal the trial court's order; he did not appeal.

The limitations period started running again on September 12, 2010, and ran for **eighty-five (85) days** until McCall filed his petition for writ of mandamus on December 6, 2010. Resp. Ex. MM. Construing McCall's filing as a petition for writ of habeas corpus, the appellate court denied the petition on December 15, 2010. Resp. Ex. NN. The court also denied McCall's motion for rehearing on January 10, 2011. Resp. Exs. OO; PP. The one-year limitations period started running again on January 10, 2011, and ran for **four**

---

[6] See Resp. Ex. LL, Order Barring the Filing of Pro Se Pleadings, at 2 ("The Defendant has 30 days to file an appeal of this order.").

**hundred and twenty-two (422) days** until McCall filed the Petition in the instant action on March 7, 2012.

Given the record, McCall's March 7, 2012 Petition is untimely filed, and due to be dismissed unless McCall can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on McCall to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, McCall asserts that the trial court's June 30, 2006 "Provisional Order Appointing Public Defender," see Pet. Ex. A, was the "impediment" for his late filing in this Court because the trial court's order "caused the

mindboggling chain of events that lead up to the unconstitutional conviction of an innocent man . . . ." Petition at 17; see Amended Reply at 1-3. He simply has not met the burden of showing that equitable tolling is warranted.

As to McCall's claim of actual innocence, see Petition at 17; Motion for Summary Judgment (Doc. 17), this Court finds that he has not made the requisite showing. To make a showing of actual innocence, McCall must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Supreme Court has stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no

reasonable juror would have convicted him in the light of the new evidence") (citations omitted). Moreover, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin v. Perkins, 133 S.Ct. 1924, 1935 (2013). Again stressing that "the Schlup standard is demanding[,]" the Supreme Court stated: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316).

Here, McCall has not offered any new reliable evidence that was not available at the time of his trial. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at the time of his trial. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

McCall has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If McCall seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, McCall "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon

11

consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If McCall appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October, 2014.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

12

```
sc 10/9
c:
Gregory Deon McCall
Ass't Attorney General (McGuigan)
```